Philip J. Layfield
c/o Maximum Legal Holdings, LLC
8 The Green
Suite 6426
Dover, Delaware 19901
Telephone: (302) 401-6804
phil@maximum.global

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | District Court Case No.: 2:19-CV-09375-SWV |
| Philip James Layfield | Adversary Case No.:  2:19-ap-01071-NB |
| Debtor | **APPELLANT'S BRIEF REGARDING APPEAL FROM BANKRUPTCY COURTAL** |
| RICHARD M. PACHULSKI, Chapter 11 Trustee for the bankruptcy estate of Layfield & Barrett, APC. | |
| Plaintiff, | |
| vs. | |
| PHILIP JAMES LAYFIELD, ET. AL. | |

# TABLE OF CONTENTS

PREFACE ........................................................................................... 8

STATEMENT OF JURISDICTION ................................................. 8

STATEMENT OF ISSUES PRESENTED ....................................... 8

STANDARD OF REVIEW ............................................................... 9

STATEMENT OF THE CASE ......................................................... 9

SUMMARY OF ARGUMENT ....................................................... 11

ARGUMENT .................................................................................... 12

    1.    STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS ................................................................................ 12

    I.    Whether the bankruptcy court abused its discretion when it denied debtor's Motion of Judgment on the Pleadings because if the complaint does not state a claim, under *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), this case should be over. ......... 15

        a.    Appellee fails to plead with specifity the elements of 523(a)(2)(A). ........................................................... 15

        b.    Plaintiff fails to state a cause of action pursuant to 11 U.S.C. § 523(a)(4) ................................................. 17

    II.    Whether the bankruptcy court abused its discretion when it failed to address the willful element of § 523(a)(6) as set forth in *Kawaauhau v. Geiger,* 523 U.S. 57, 61 (1998). ...................... 18

    III.    Whether the bankruptcy court abused its discretion when it failed to address the plaintiff's failure to plead damages in its complaint and the failure of plaintiff to attach a valid order to form the basis for a *res judicata* damages claim where the underlying claims were not actually litigated between the parties. .......................................................................................... 20

        a.    Appellee is making claims for non-existent damages that are remote and speculative ............................... 20

        b.    Appellee has no standing to claim *res judicata or collateral estoppel* against Layfield ................... 20

        c.    The prior state court matters were not actually litigated so no *Res Judicata or Collateral Estoppel* is available ... 21

**IV.    Whether the bankruptcy court abused its discretion when it adopted plaintiff's opposition as the order of the court without addressing any of debtor's authority cited in the moving papers and thus no permission is required under Section 1292(b) when the ankruptcy Court refuses to address controlling law**............................................................22

**CONCLUSION**............................................................23

**CERTIFICATE OF SERVICE**............................................................24

**CERTIFICATE OF COMPLIANCE**............................................................24

1

# <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

Am. Express Centurion Bank v. Truong (In re Truong), 271 B.R. 738, 744 (Bankr. D. Conn. 2002) ................................................................................................................ 15

4

*American Triticale, Inc. v. Nytco Services, Inc.,* 664 F.2d 1136, 1147 (9th Cir.1982) ............................................................................................................................. 21

5

*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) .......................... 12

6

*Ashcrot v. Iqbal*, 129 S.Ct. 1937 (2009) .................................................................... 23

7

Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) ...................... 12

8

*Bell Atlantic Corp v. Towmbly,* 550 U.S. 554, 570, 127 S.Ct. 1955, 1974 (2007 ...... 13

9

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 444 (2007) ............................................... 10

10

*Bell Atlantic v. Twombly,* 550 U.S. 544 (2007) ........................................................... 8

11

*Chaffee v. Chaffee (In re Chaffee),* 2009 WL 2872834, *3, 2009 Bankr.LEXIS 2644, at *9 (Bankr.N.D.N.Y. Jan. 12, 2009) ...................................................................... 18

12

*Chicago, Rock Island and Pacific Railway Co. v. Schendel,* 270 U.S. 611, 618, 46 S.Ct. 420, 423, 70 L.Ed. 757 (1926) ........................................................................... 21

13

*Cochran v. Reath (In re Reath),* 368 B.R. 415, 422 (Bankr. D.N.J.2006) .................. 15

14

*Cohen v. United States,* 191 B.R. 482, 484 (Bankr. S.D. Fla. 1995). .......................... 9

15

*Commonwealth of Massachusetts v. Hale,* 618 F.2d 143, 146 (1st Cir.1980) ............ 21

16

*Dawley v. Gould (In re Gould),* 73 B.R. 225, 227 (Bankr.N.D.N.Y.1987) ............... 16

17

Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) ................. 12

18

First Card Servs., Inc. v. Team Motorsports, Inc. and Greg Godbout (In re Team Motorsports, Inc.), 227 B.R. 427, 430 (Bankr. D.S.C. 1998) .................................... 15

19

*General Teamsters, Auto Truck Drivers and Helpers Local 162 v. Mitchell Brothers*

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Truck Lines,* 682 F.2d 763, 768 (9th Cir.1982)............................................................21

*Hinkle Northwest, Inc. v. SEC,* 641 F.2d 1304, 1309 (9th Cir.1981) ........................21

*In re Chase & Sanborn Corp.,* 904 F.2d 588 (11th Cir. 1990)......................................9

*In re Dobrayel,* 287 B.R. at 12......................................................................................15

*In re Dobrayel,* 287 B.R. at 12 n. 3.............................................................................16

*In re Gabor,* 2009 WL 3233907, *4, 2009 Bankr.LEXIS 3110, at * 12 ...................16

*In re Gottheiner* F.2d 1136 (9th Cir. 1983)...................................................................20

*In re Hoffman,* 70 B.R. 155, 162 (Bankr. W.D.Ark.1986) ........................................17

*In re Khafaga,* 419 B.R. 539, 550 ...............................................................................19

*In re Krautheimer),* 241 B.R. 330, 340 (Bankr. S.D.N.Y.1999) ...............................18

*In re Littleton,* 106 B.R. 632, 636 (9th Cir. BAP 1989). ...........................................18

*In Re Littleton,* 942 F.2d 551 (9th Cir. 1991) .............................................................19

*In re Littleton,* 942 F.2d 551, 555 (9th Cir.1991) ......................................................17

*In re Rockefeller Ctr. Props., Inc. Secs. Litig.* 311 F.3d 198, 215 (3d. Cir. 2002).....13

*In re Schultz,* 46 B.R. 880, 889 (Bankr.D.Nev.1985) .................................................17

*In re Talcott,* 29 B.R. 874, 878 (Bankr.D.Kan. 1983) ................................................17

*In Re Text Messaging "Antitrust Litigation, No. 10-8037 (7th Cir. 2010)*.................23

*In the Matter of Shuler,*21 B.R. 643 (Bankr.D.Idaho 1982) .......................................17

*Kaiser Aerospace and Electronics Corp. v. Teledyne Industries (In re Piper Aircraft*

*Corp.)* 244 F.3d 1289, 1295 n.2 (11th Cir. 2001) ............................................ 9

*Kawaauhau v. Geiger* 523, U.S. 57, 61, (1998)............................................ 11

*Kawaauhau v. Geiger,* 523 U.S. 57, 61 (1998)...................................... 8, 18

*Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998) .... 19

*LaRue v. Dewolff, Boberg & Associates, Inc.* 450 F.3d 540 (4th Cir. 2006 ............... 13

*Lubit v. Chase (In re Chase),*372 B.R. 125, 128 (Bankr.S.D.N.Y.2007) .................. 16

*Matter of McMillan,* 579 F.2d 289, 293 (3d Cir.1978)...................................... 21

*Mendoza v. United States,* 672 F.2d 1320, 1325 (9th Cir.1982) ............................. 20

*Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n.8 (3d. Cir. 1996)............... 13

*Navistar Fin. Corp. v. Stelluti (In re Stelluti),* 94 F.3d 84, 88 (2d Cir.1996) ............. 19

Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001) ...................................... 12

*Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979) ........................................................................ 20

*Peer v. Lewis,* 606 F.3d 1306, 1311 (11th Cir. 2010);  *Cox Enters, Inc. v. News-Journal Corp.,* 510 F.3d 1350, 1360 (11th Cir. 2007)...................................... 9

*Rescuecom Corp. v. Khafaga (In re Khafaga),* 419 B.R. 539, 548-49 (Bankr.E.D.N.Y.2009) ........................................................................ 18

*Sandak v. Dobrayel (In re Dobrayel),* 287 B.R. 3, 12 (Bankr.S.D.N.Y.2002)........... 15

*Spilman v. Harley,* 656 F.2d 224, 228 (6th Cir.1981) ........................................ 21

*Trusted Net Media Holdings, LLC v. The Morrison Agency, (In re Trusted Net Media Holdings, LLC),* 550 F.3d 1035, 1038 n.2 (11th Cir. 2008) ........................ 9

*Twombly* .................................................................................... 22

*Twombly,* 127 S.Ct. at 1964 .................................................................. 13

*U.S. ex rel Bledoe v. Community Health Systems, Inc.* 501 F.3d 493, 2007 WL 2492439 (6th Cir. 2007)................................................................ 13

United States ex rel. Kustom Prods. v. Hupp & Assocs., No. 2:15-cv-03101, 2017 U.S. Dist. LEXIS 72814 (S.D. Ohio May 12, 2017) ................................ 13

*Vidomlanski v. Gabor (In re Gabor),* 2009 WL 3233907, *4, 2009 Bankr.LEXIS

3110, at *11 (Bankr.S.D.N.Y. Oct. 8, 2009 ................................................ 15

*Weiss v. Alicea (In re Alicea),* 230 B.R. 492, 500 (Bankr.S.D.N.Y.1999) ................ 16

**Statutes**

§ 523(a)(2) .................................................................................................. 14

§ 523(a)(2)(A) ......................................................................................... 13, 14

§ 523(a)(6) ......................................................................................... 8, 16, 17

11 U.S.C. § 523(a)(4) .................................................................................. 15

11 U.S.C. §§§ 523(a)(2)(A) ........................................................................... 9

1141 ............................................................................................................ 15

1228(a) ....................................................................................................... 15

1228(b) ....................................................................................................... 15

1328(b) ....................................................................................................... 15

28 U.S.C. § 157(b)(1) and (2) ....................................................................... 8

28 U.S.C. § 158 ............................................................................................. 8

523(a)(2)(A) ................................................................................................ 13

523(a)(4) ....................................................................................................... 9

523(a)(6) ....................................................................................................... 9

727 .............................................................................................................. 15

Section 1292(b) ....................................................................................... 9, 20

**Rules**

Rule 12(b)(6) ............................................................................................... 11

Rule 12(c) .................................................................................................... 11

**Treatises**

. 3 COLLIER ON BANKRUPTCY ¶ 523.14[3] (16th ed. 2010) ............................. 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

APPELLANT'S OPENING BRIEF

## PREFACE

Appellant, Philip Layfield, will be referred to in this brief as Appellant, Petitioner or by name.  Appellee, Richard M. Pachulski will be referred to as Appellee, Pachulski or by name.  Appellant and Appellee will be collectively referred to as the Parties.

The following references will be used in this brief:

[App] Appendix
[DEM]        Docket Entries in the Bankruptcy Court Main Case.
[DEA] Docket Entries in the Bankruptcy Court Adversary Case.

## STATEMENT OF JURISDICTION

This appeal arises from an order of the United States Bankruptcy Court for the Central District of California denying Debtor's Motion for Judgment on the Pleadings.  DEA #13.  The Bankruptcy Court had jurisdiction to enter the order pursuant to 28 U.S.C. § 157(b)(1) and (2).  This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158.

## STATEMENT OF ISSUES PRESENTED

1.  Whether the bankruptcy court abused its discretion when it denied debtor's Motion of Judgment on the Pleadings because if the complaint does not state a claim, under *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), this case should be over.

2. Whether the bankruptcy court abused its discretion when it failed to address the willful element of § 523(a)(6) as set forth in *Kawaauhau v. Geiger,* 523 U.S. 57, 61 (1998).

3. Whether the bankruptcy court abused its discretion when it failed to address the plaintiff's failure to plead damages in its complaint and the failure of plaintiff to attach a valid order to form the basis for a *res judicata* damages claim where the underlying claims were not actually litigated between the parties.

4. Whether the bankruptcy court abused its discretion when it adopted

1    plaintiff's opposition as the order of the court without addressing any of

2    debtor's authority cited in the moving papers and thus no permission is

3    required under Section 1292(b) when the Bankruptcy Court refuses to

4    address controlling law.

5                              **STANDARD OF REVIEW**

6        The bankruptcy court's findings of fact are reviewed for clear error.  *In re Chase*

7    *& Sanborn Corp.,* 904 F.2d 588 (11th Cir. 1990).     The bankruptcy court's legal

8    conclusions are reviewed *de novo.  Trusted Net Media Holdings, LLC v. The Morrison*

9    *Agency,* (*In re Trusted Net Media Holdings, LLC*), 550 F.3d 1035, 1038 n.2 (11th Cir.

10   2008).  This *de novo*  review includes "conclusions regarding the legal significance

11   accorded to the facts."  *Cohen v. United States,* 191 B.R. 482, 484 (Bankr. S.D. Fla.

12   1995).  Where the bankruptcy court's determination involves a mixed question of law

13   and fact, the district court must conduct a *de novo* review.  *Kaiser Aerospace and*

14   *Electronics Corp. v. Teledyne Industries (In re Piper Aircraft Corp.)* 244 F.3d 1289,

15   1295 n.2 (11th Cir. 2001).  A court abuses its discretion if it applies an incorrect legal

16   standard, follows improper procedures in making the determination, or bases the

17   decision upon findings of fact that are clearly erroneous.  *Peer v. Lewis,* 606 F.3d 1306,

18   1311 (11th Cir. 2010);  *Cox Enters, Inc. v. News-Journal Corp.,* 510 F.3d 1350, 1360

19   (11th Cir. 2007).

20

21                              **STATEMENT OF THE CASE**

22       The Appellee filed an Adversary Complaint on March 18, 2019.  DEA #1 (the

23   "Complaint").  The complaint sets forth three separate claims for relief.    Each claim

24   for relief requests that the bankruptcy court determine alleged debts owed to debtor's

25   100% owned professional corporation and former law firm Layfield & Barrett, APC

26   bankruptcy estate (the "estate" or "L&B") be deemed nondischargeable pursuant to 11

27   U.S.C. §§§ 523(a)(2)(A), 523(a)(4) and 523(a)(6).  The United States Supreme Court

28   has determined that each of these sections requires that Appellee/Plaintiff plead with

1   specificity the required elements in what's commonly referred to as the *Twombly* and
2   *Iqbal* progeny.  In short, Appellee seems to conflate the distinction between the estate
3   as a purported creditor of Appellant and the creditors of the L&B estate.  Because these
4   are two separate and distinct bankruptcy cases (i.e. the L&B bankruptcy and the
5   debtor's bankruptcy), these bright line distinctions must not be conflated.  A plain
6   reading of the complaint shows how Appellee attempts to step into the shoes of the
7   creditors of Appellee and third party creditors of Appellant.  This is simply an
8   incomprehensible attempt to trick the bankruptcy court into awarding Appellee
9   damages/nondischargeability for alleged harms to third parties.  This is simply not
10  permissible and should have been stopped at the lower court for these reasons alone.

11      To make matters worse, because the entire complaint attempts to allege
12  fraudulent conduct on the part of Appellant, Appellee/Plaintiff has utterly failed to
13  plead with the required specificity as the United States Supreme Court requires in
14  conformity with its decision in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 444 (2007)
15  and its progeny.  The complaint does not offer one allegation supported by actual facts
16  as opposed to information and belief.  Before suing somebody in fraud for over $10
17  million, you need to have more than information and belief.  Most circuits replaced the
18  general scienter pleading standard of Rule 9(b) with the *Twombly* and *Iqbal* plausibility
19  standard.  The majority of circuits require that plaintiffs plead more than general
20  statements of fraudulent intent since *Twombly & Iqbal.*  In *Iqbal*, the Court held that a
21  claim has "facial plausibility when the plaintiff pleads factual content that allows the
22  court to draw the reasonable inference that the defendant is liable for the misconduct
23  alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 667-78 (2009.  While this statement was
24  addressing Rule 8 pleading, most courts have applied it to Rule 9(b).  Here,
25  Plaintiff/Appellee specifies no actual scienter directed at L&B nor does it allege any
26  wrongdoing specific to L&B.  This is simply not sufficient.

27      Furthermore, Appellee/Plaintiff utterly fails to allege any actual damages to
28  itself as opposed to damages incurred by third parties.  .

## **SUMMARY OF ARGUMENT**

The instant appeal involves misapplication of legal standards by the Bankruptcy Court and a wholesale failure to address the legal authorities raised by Appellant.  Appellant's Motion for Judgment on the pleadings raised no fewer than 3 critical issues that were not address by the bankruptcy court:

1.  Appellee does not allege false pretenses, false representations or actual fraud to support the first claim for relief. Appellee merely alleges that a state court proceeding to which it was not a party and which were decided by default somehow are controlling in this lawsuit.  The *Res Judicata* requirements have simply not been met.  The pleadings are deficient on their face to rely on *Res Judicata.*  .

2. Appellee alleges that Appellant transferred approximately $1 million to his personal bank account over an unspecified period of time.  DEA#1 paragraph 13.  However, it is undisputed that Appellant was the 90% owner of L&B and was entitled to an annual salary of $1 million per year[1].  Appellant does not allege that plaintiff was not entitled to transfer that money to his personal accounts and makes no allegation supported by any specified facts that Appellant embezzled that money.  Furthermore, Appellee makes the unsupported claim that Appellant misappropriated approximately $8.7 million of client settlement money.  DEA #1 paragraph 21.  Even if that were true, which it is not, Appellee concedes that it was settlements due to L&B's clients and not L&B.  *Id.*.

3. With respect to the final claim for relief, Appellee fails to allege an actual

---

[1] Is plaintiff attempting to allege that every single dollar transferred to Appellant during the 9 years he was the CEO of L&B is somehow fraudulent and that Appellant was not entitled to any compensation during his tenure at L&B?  A plain reading would suggest so, but without the required specificity, it is impossible to determine what claims are actually being made.

1   injury to itself while also failing to satisfy the requirements set forth by the

2   Supreme Court in *Kawaauhau v. Geiger* 523, U.S. 57, 61, (1998). ("noting the

3   distinction between deliberate or intentional injury as opposed to a deliberate

4   act that leads to an injury.

5   **ARGUMENT**

6   **1.  STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS**

7   Appellant's Motion for Judgment on the Pleadings was brought pursuant to Rule

8   12(c) of the Federal Rules of Civil Procedure on the basis that the Complaint fails to

9   state a claim.  DEA #6.   "The principal difference between motions filed pursuant to

10  Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally

11  identical, the same standard of review applicable to a Rule 12(b) motion applies to its

12  Rule 12(c) analog." Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir.

13  1989). The analogous Rule 12(b)(6) provides that an action will be dismissed for

14  failure to state a claim upon which relief may be granted. Conclusory allegations of

15  law or unwarranted inferences of fact urged by the nonmoving party are insufficient to

16  defeat a motion to dismiss. Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001) (emphasis

17  added). In addition, a court's obligation to construe allegations in the light most

18  favorable to the nonmoving party does not mean that those allegations must be

19  construed in a light favorable to the nonmoving party, if such a construction cannot

20  reasonably be made. Id. Moreover, dismissal is proper if there is either a "lack of a

21  cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable

22  legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

23

24  In determining a Rule 12(b)(6) motion to dismiss, which is the standard for Rule

25  12(c) motions, the Court must accept all the plaintiff's factual allegations as true and

26  construe the complaint in the light most favorable to the plaintiff.  However, "the tenet

27  that a court must accept as true all of the allegations contained in a complaint is

28  inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct.

1937, 1949 (2009).  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*   (citation omitted).  Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp v. Towmbly,* 550 U.S. 554, 570, 127 S.Ct. 1955, 1974 (2007)).

A dismissal pursuant to 12(c) is *with prejudice.*    *LaRue v. Dewolff, Boberg & Associates, Inc.* 450 F.3d 540 (4th Cir. 2006); *U.S. ex rel Bledoe v. Community Health Systems, Inc.* 501 F.3d 493, 2007 WL 2492439 (6th Cir. 2007).  Although the court accepts all well-plead material allegations as true and draws all reasonable inferences therefrom in favor of the non-moving party, the Court cannot accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See: *In re Rockefeller Ctr. Props., Inc. Secs. Litig.* 311 F.3d 198, 215 (3d. Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n.8 (3d. Cir. 1996); *Twombly,* 127 S.Ct. at 1964.  Here, Plaintiff asserts only eight paragraphs of alleged facts.  See DEA #1 ¶¶ 6-13.

In addition to the specified reasons for dismissal, it is undisputed that the Plaintiff/Appellee has failed to allege any actual facts as required by Rule 9(b).   See DEA#1 ¶¶ 8 -14 All facts are on information and belief.  Federal court in Ohio recently dismissed a qui tam lawsuit brought under the False Claims Act by Kustom Products, Inc. against Hupp & Associates, Inc., a defense contractor, and in so doing provided judicial treatment of the common practice of alleging facts "upon information and belief." United States ex rel. Kustom Prods. v. Hupp & Assocs., No. 2:15-cv-03101, 2017 U.S. Dist. LEXIS 72814 (S.D. Ohio May 12, 2017).

Hupp had six contracts to supply maintenance kits to the U.S. Military for its Family of Medium Tactical Vehicles ("FMTV").  Under those contracts, Hupp was

1   required to purchase seals for its FMTV kits from one of only two approved
2   suppliers.  Kustom alleged that it had learned "in the course of business" that Hupp
3   was not purchasing its seals from either of those two suppliers, even though Hupp
4   represented to the Military that it had. 2017 U.S. Dist. LEXIS 72814 at *3-4.
5   Kustom's complaint made a number of these accusations "upon information and
6   belief."  Id.  The United States government declined to intervene in the lawsuit. Id.
7   at *4.  Hupp brought a motion to dismiss Kustom's complaint in its entirety. Id.

8       Evaluating the pleading standard under the False Claims Act, the court noted the
9   familiar rule that "the heightened pleading standard set forth in Rule 9(b) applies to
10  complaints alleging violations of the FCA," and that standard requires that the
11  circumstances constituting fraud or mistake shall be stated with particularity. Id. at
12  *5 (citations omitted).  In other words, Kustom was required to allege the "who,
13  what, when, where, and how" of the alleged fraud.  Id. at *6.  However, Kustom's
14  allegations about Hupp's fraud were lacking much detail, such as, "upon information
15  and belief, Hupp submitted at least one invoice" that fraudulently certified that its
16  products were purchased from approved suppliers.  Id. at *7.  The court found that
17  this bare allegation did not satisfy the heightened 9(b) pleading standard, and noted
18  that, in general, "allegations 'on information and belief'… are insufficient under
19  Rule 9(b).  Id.  In sum, Kustom's "speculative allegations that 'on information and
20  belief' Hupp has invoiced the government for parts supplied under the contracts fall
21  far short of meeting the Rule 9(b) standard."  Id. at *8.  The court found that these
22  deficiencies existed with all of Kustom's claims, and, because they were not pleaded
23  with the particularity required by Rule 9(b), all of Kustom's claims failed to state a
24  claim upon which relief can be granted.  This case is almost identical to Kustom,
25  except in this instance, the Appellee doesn't actually allege any cognizable harm
26  to itself.

27

28

1   **I.**   **Whether the bankruptcy court abused its discretion when it denied**
2        **debtor's Motion of Judgment on the Pleadings because if the complaint**
3        **does not state a claim, under _Bell Atlantic v. Twombly,_ 550 U.S. 544**
4        **(2007), this case should be over.**

5

6   **a.   Appellee fails to plead with specifity the elements of 523(a)(2)(A).**

7        In order to make a prima facie case for fraud under section 523(a)(2)(A),

8   Plaintiff must prove the following five elements by a preponderance of the evidence:

9   1. that the debtor made a representation; 2. that at the time he knew the representation

10  was false; 3. that he made it with the intention and purpose of deceiving the creditor;

11  4. that the creditor relied on such representation; and 5. that the creditor sustained the

12  alleged loss and damage as the proximate result of the representation. First Card Servs.,

13  Inc. v. Team Motorsports, Inc. and Greg Godbout (In re Team Motorsports, Inc.), 227

14  B.R. 427, 430 (Bankr. D.S.C. 1998). See also Am. Express Centurion Bank v. Truong

15  (In re Truong), 271 B.R. 738, 744 (Bankr. D. Conn. 2002). Thus, in order to meet the

16  Rule 12(b)(6) standard under Iqbal and Twombly, Plaintiff must plead facts sufficient

17  to satisfy each of these five elements.

18       Section 523(a)(2)(A) excepts from discharge any debt "for money, ... to the

19  extent obtained by false pretenses, a false representation, or actual fraud...."  The §

20  523(a) analysis begins with recognition of the general rule that debts and liabilities

21  based solely upon a breach of contract are not excepted from discharge under this

22  section. _Sandak v. Dobrayel (In re Dobrayel),_ 287 B.R. 3, 12 (Bankr.S.D.N.Y.2002).

23  A cause of action lies under § 523(a)(2)(A) if the alleged facts, if true, would support

24  a finding of false pretenses, a false representation or actual fraud "other than a

25  statement respecting the debtor's or an insider's financial condition" under §

26  523(a)(2)(A).  False pretenses, false representation, and actual fraud represent

27  differing concepts, _Vidomlanski v. Gabor (In re Gabor),_ 2009 WL 3233907, *4, 2009

28  Bankr.LEXIS 3110, at *11 (Bankr.S.D.N.Y. Oct. 8, 2009) (_citing In re Dobrayel,_ 287

1 B.R. at 12), but in each case, a creditor must show that the debtor's actions were

2 purposefully deceptive or misleading. *See Cochran v. Reath (In re Reath),* 368 B.R.

3 415, 422 (Bankr. D.N.J.2006) (courts have routinely inferred requirements

4 establishing intent, reliance and materiality in applying § 523(a)(2)(A)).

5     To prove that a debtor acted by false pretenses, the plaintiff must show: (1) an

6 implied misrepresentation or conduct by the debtor; (2) promoted knowingly and

7 willingly; (3) to create a contrived and misleading understanding of the transaction

8 on the part of the plaintiff; and (4) which wrongfully induced plaintiff to advance

9 money, property, or credit to the debtor. *In re Gabor,* 2009 WL 3233907, *4, 2009

10 Bankr.LEXIS 3110, at * 12 (*citing Lubit v. Chase (In re Chase),*372 B.R. 125, 128

11 (Bankr.S.D.N.Y.2007)). To prevail on a claim of false representation, the plaintiff

12 must show: (1) debtor made an express false or misleading statement; (2) with the

13 intent to deceive; (3) on which the creditor justifiably relied; and (4) in order to

14 induce the creditor to turn over money or property to the debtor. *Id. (citing Weiss v.*

15 *Alicea (In re Alicea),* 230 B.R. 492, 500 (Bankr.S.D.N.Y.1999)). "Actual fraud" as

16 used in § 523(a)(2)(A) means common law fraud, provable by showing: (1) a

17 representation made by debtor to the creditor; (2) debtor's knowledge of the falsity

18 when the representation was made; (3) debtor's intent to deceive in making such

19 representation; (4) creditor's justifiable reliance; and (5) creditor's damage as a

20 result. *Id.*2009 WL 3233907, *5, 2009 Bankr.LEXIS 3110 at *13 (*citing In re*

21 *Dobrayel,* 287 B.R. at 12 n. 3 (internal citation omitted)). A creditor must plead and

22 show each element of fraud in order to sustain a finding that a debt is

23 nondischargeable under § 523(a)(2), including intent on the part of the debtor to

24 deceive at the time the debt was created. *Dawley v. Gould (In re Gould),* 73 B.R. 225,

25 227 (Bankr.N.D.N.Y.1987). "It is insufficient to show that a debtor left unfulfilled a

26 prior representation or promise." *Id. (citing cases).*

27     Nowhere in paragraphs 6-13 of the complaint does Plaintiff allege any of the

28 requirements to support a finding of false pretenses, false representation or actual

1  fraud as to L&B.  In fact, the complaint is completely devoid of any allegations as to
2  L&B in relation to Appellant/Defendant.

3

4  **b.  Plaintiff fails to state a cause of action pursuant to 11 U.S.C. § 523(a)(4)**

5

6    Section 523(a)(4) provides in relevant part:

7

8    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this
9  title does not discharge an individual debtor from any debt—

10    (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement,
11  or larceny.

12  As an initial matter, nowhere in the Complaint does Plaintiff allege any facts to
13  support that Appellant was acting in a fiduciary capacity.  As a result, Plaintiff fails
14  to satisfy the first prong of this section.  The complaint allows fails to allege
15  embezzlement of Plaintiff's funds in any capacity.  Under federal law, embezzlement
16  in the context of nondischargeability requires three elements: "`(1) property rightfully
17  in the possession of a nonowner; (2) nonowner's appropriation of the property to a
18  use other than which [it] was entrusted; and (3) circumstances indicating fraud."' _In
19  re Littleton,_ 942 F.2d 551, 555 (9th Cir.1991) (citing _In re Hoffman,_ 70 B.R. 155,
20  162 (Bankr. W.D.Ark.1986); _In re Schultz,_ 46 B.R. 880, 889 (Bankr.D.Nev.1985)).
21  Embezzlement does not require the existence of a fiduciary relationship. _Id._ (citing _In
22  the Matter of Shuler,_21 B.R. 643 (Bankr.D.Idaho 1982); _In re Talcott,_ 29 B.R. 874,
23  878 (Bankr.D.Kan. 1983)).  Again, Plaintiff makes no allegations as relating to L&B
24  to satisfy any of the three required elements above.  Plaintiff only makes references
25  to state court proceedings that have no bearing on L&B and Plaintiff fails to attach
26  copies of those purported judgments.  In fact, although plaintiff alleges that Appellant
27  transferred money to his personal accounts during his time period as the CEO of
28

L&B, the complaint make no specific allegation that Appellant was not entitled to receive his annual compensation which is undisputed at $1 million per year.

Finally, Larceny is the fraudulent and wrongful taking and carrying away the property of another with intent to convert such property to the taker's use without the consent of the owner. 3 COLLIER ON BANKRUPTCY ¶ 523.14[3] (16th ed. 2010). Larceny is distinguished from embezzlement in that the original taking of the property was unlawful. *Id.* Here, nowhere in the Complaint does Plaintiff allege any facts supporting a finding of larceny.

**II.**   **Whether the bankruptcy court abused its discretion when it failed to address the willful element of § 523(a)(6) as set forth in *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).**

Section 523(a)(6) prevents an individual debtor from discharging any debt that is the result of "willful and malicious injury." The terms "willful" and "malicious" are separate elements. *Rescuecom Corp. v. Khafaga (In re Khafaga),* 419 B.R. 539, 548-49 (Bankr.E.D.N.Y.2009) (*citing Rupert v. Krautheimer (In re Krautheimer),* 241 B.R. 330, 340 (Bankr. S.D.N.Y.1999)); *Chaffee v. Chaffee (In re Chaffee),* 2009 WL 2872834, *3, 2009 Bankr.LEXIS 2644, at *9 (Bankr.N.D.N.Y. Jan. 12, 2009). Both must therefore be satisfied in order for Plaintiff to prevail on any of his § 523(a)(6) claims.  As an initial matter, Plaintiff does not make any allegation specific to L&B in its Complaint.  In fact, Plaintiff refers to willful and malicious injury to third parties which is not only improper for purposes of establishing a claim for nondischargebility, but the willful and malicious behavior must be directed at L&B's property to support a claim under this section. *In re Littleton,* 106 B.R. 632, 636 (9th Cir. BAP 1989).

1    Speaking to the willful element of § 523(a)(6), the Supreme Court specifically

2    rejected a broad interpretation of the exception by narrowly holding that

3    "nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate

4    *act* that leads to injury." *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S. Ct. 974, 140

5    L. Ed. 2d 90 (1998) (emphasis in original). The injury itself must be desired and in

6    fact anticipated by the debtor in order for the debt to be excepted from

7    discharge. *Id.* Thus, "[d]ebts arising from recklessly or negligently inflicted injuries

8    do not fall within the compass of § 523(a)(6)." *Id.* at 64, 118 S. Ct. 974. The term

9    malicious refers to the debtor's motivation in committing the act and has been defined

10   by the Second Circuit to mean "wrongful and without just cause or excuse, even in

11   the absence of personal hatred, spite, or ill-will." *Navistar Fin. Corp. v. Stelluti (In re*

12   *Stelluti),* 94 F.3d 84, 88 (2d Cir.1996) (citations omitted). Actual or constructive

13   malice will suffice, *In re Khafaga,* 419 B.R. 539, 550, and may be imputed to the

14   debtor in cases where a debtor seeks profit or some other benefit only upon a finding

15   of aggravating circumstances, *id.* (collecting cases holding that an intentional breach

16   of contract, without more, generally will not satisfy the malicious element).

17

18   Plaintiff does not allege anywhere in the Complaint that Layfield had the

19   requisite state of mind to satisfy even the willfulness prong of § 523(a)(6) as directed

20   at L&B.. Plaintiff does not specifically allege that Layfield intended to injure L&B

21   anywhere in the Complaint.  As such, none of the allegations contained in the

22   Complaint are actionable under § 523(a)(6).  There is no allegation that Layfield

23   committed any wrongful acts against L&B in the entire complaint. As the 9th Circuit

24   held in *In Re Littleton,* 942 F.2d 551 (9th Cir. 1991), even though the debtor used

25   Transamerica's cash proceeds that should have been segregated, and although

26   debtors understood that by using proceeds from the sale of collateral to pay other

27   business debts in violation of the security agreement, debtors good faith and sincere

28   intentions to keep the business going were sufficient to overcome

1   nondischargeability.  The facts in *Littleton* more closely resemble Layfield's alleged

2   conduct, which support a dismissal.

3

4   **III.** **Whether the bankruptcy court abused its discretion when it failed to**

5   **address the plaintiff's failure to plead damages in its complaint and the**

6   **failure of plaintiff to attach a valid order to form the basis for a *res***

7   ***judicata* damages claim where the underlying claims were not actually**

8   **litigated between the parties.**

9

10   **a. Appellee is making claims for non-existent damages that are remote**

11   **and speculative**

12   Nowhere in the Complaint does Appellee claim that L&B has suffered any

13   actual damages.  The only place Appellee even purports to make a claim is in paragraph

14   11 of the Complaint where he claims that L&B would have been entitled to a forty-

15   percent contingency fee with the Nguyen matter.  Again, Appellee fails to allege how

16   it is legally possible for a State Court ruling obtained by default against Appellant has

17   legal bearing on L&B's claim  in this context.

18

19   **b. Appellee has no standing to claim *res judicata* or *collateral estoppel***

20   **against Layfield**

21   There is no *res judicata* or *collateral estoppel* available to Pachulski/L&B as a

22   result of the two purported state court actions.  Pachulski is not entitled to *res judicata*

23   or *collateral estoppel* to form the basis of his claims against Layfield because the

24   requirements of *res judicata or collateral estoppel* have not been met.  The 9th Circuit

25   has laid out the test for collateral estoppel and res judicata:

26

27   Collateral estoppel will preclude relitigation of issues that
have already been litigated in and were necessary to a prior

28   judgment. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5,

99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); *Mendoza v. United States,* 672 F.2d 1320, 1325 (9th Cir.1982). Its use as a means of avoiding needless litigation is left to the broad discretion of the trial court. *Id.In re Gottheiner* F.2d 1136 (9th Cir. 1983).

Collateral estoppel is not generally applicable unless there exists either identity or privity between the parties to the relevant litigation. The person being estopped from relitigating an issue must have been either a party to the prior lawsuit or have been so closely related to the interest of the party to be fairly considered to have had his day in court. *Chicago, Rock Island and Pacific Railway Co. v. Schendel,* 270 U.S. 611, 618, 46 S.Ct. 420, 423, 70 L.Ed. 757 (1926); *Hinkle Northwest, Inc. v. SEC,* 641 F.2d 1304, 1309 (9th Cir.1981). Furthermore, even if the requirements of had been met. Pachulski has failed to satisfy the pleading requirements of *res judicata or collateral estoppel* because Pachulski has failed to include certified copies of the Orders forming the basis of his claims nor has he plead with particularity the specifics of those orders.

### c.   The prior state court matters were not actually litigated so no *Res Judicata or Collateral Estoppel* is available

Another prerequisite to the application of collateral estoppel is that the disputed issue must have been actually litigated in the prior proceeding. *General Teamsters, Auto Truck Drivers and Helpers Local 162 v. Mitchell Brothers Truck Lines,* 682 F.2d 763, 768 (9th Cir.1982); *American Triticale, Inc. v. Nytco Services, Inc.,* 664 F.2d 1136, 1147 (9th Cir.1982).

Some types of judgments are not given collateral estoppel effect because the court did not get the benefit of deciding the issue in an adversarial context. In the case of a default judgment, for example, a party may decide that the amount at stake does not justify the expense and vexation of putting up a fight. The defaulting party will

1   certainly lose that lawsuit, but the default judgment is not given collateral estoppel

2   effect. *Spilman v. Harley,* 656 F.2d 224, 228 (6th Cir.1981); *Commonwealth of*

3   *Massachusetts v. Hale,* 618 F.2d 143, 146 (1st Cir.1980); *Matter of McMillan,* 579

4   F.2d 289, 293 (3d Cir.1978).  Here, both purported state court matters were decided

5   by default and neither Pachulski nor L&B were parties to those proceedings.  Not

6   only did Layfield not participate in those proceedings, any Orders that may have been

7   issued in those matters were issued in violation of the automatic stay because they

8   were issued after the commencement of Layfield's bankruptcy proceeding and thus

9   should be given no force and effect and certainly no benefit of *collateral estoppel or*

10  *res judicata.*

11

12

13  **IV.**   **Whether the bankruptcy court abused its discretion when it adopted**

    **plaintiff's opposition as the order of the court without addressing any**

14  **of debtor's authority cited in the moving papers and thus no**

15  **permission is required under Section 1292(b) when the Bankruptcy**

16  **Court refuses to address controlling law.**

17

18

19      The Order Denying Philip Layfield's Motion for Judgment on the Pleadings

20  (DEA #13) makes it abundantly clear that the bankruptcy court failed to address

21  controlling issues of law when denying the motion.  As has been the case throughout

22  many of the proceedings before Judge Bason, he has simply adopted the analysis of

23  the opposing party whether correct or not.  The lower court conducted no analysis of

24  its own and did not even attempt to address the issues raised in Appellant's Motion

25  for Judgment on the Pleadings raised serious issues of law that were ignored by the

26  lower court and/or waived by Appellee.  See DEA #6.  Appellee's Opposition failed

27  to cite to one case to support its position.  See DEA#8.  DEA #6.  The lower court

28  conducted zero analysis and simply stated that it was wholeheartedly adopting

1  Appellee's opposition in the face of controlling Supreme Court cases that undermine

2  Appellee's claim.  When the question presented by an appeal is whether *Twombly*

3  requires dismissal of a complaint, the concerns underlying that decision argue for

4  empowering the district court and the court of appeals to authorize an interlocutory

5  appeal.  *Twombly,* even more clearly than its successor, *Ashcrot v. Iqbal*, 129 S.Ct.

6  1937 (2009). , is designed to spare defendants the expense of responding to bulky,

7  burdensome discovery unless the complaint provides enough information to enable

8  an inference that the suit has sufficient merit to warrant putting the defendant to the

9  burden of responding to at least a limited discovery demand.  When a lower court, by

10  misapplying the law as well as the *Twombly* standard allows a complex case of

11  extremely dubious merit to proceed, it bids fair to immerse the parties in the

12  discovery swamp… and by doing so create an irrevocable as well as unjustifiable

13  harm to the defendant that only an immediate appeal can avert.    See, *In Re Text*

14  *Messaging "Antitrust Litigation, No. 10-8037 (7th Cir. 2010).*

15      Here, in the bankruptcy context, even more care should be taken to make sure that

16  a debtor is not unduly burdened by frivolous litigation brought for an improper

17  purpose.

18                              **<u>CONCLUSION</u>**

19      WHEREFORE, for the foregoing reasons, Appellant respectfully requests that his

20  Court reverse the Bankruptcy Court's Order denying the Motion for Judgment on the

21  Pleadings.

22

23

24  Dated: February 20, 2020

25                              Philip Layfield

26

27

28

1

## **CERTIFICATE OF SERVICE**

2          I HEREBY CERTIFY that a copy of the foregoing has been furnished to counsel

3   for Appellee jhunter@pszjlaw.com on the same day this was filed with the cm/ecf

4   system.

5

6   _____

7          Philip J. Layfield

8

9

10

## **CERTIFICATE OF COMPLIANCE**

11
          I CERTIFY that this brief complies with the font standards, i.e., Times New
12   Roman 14-point font, and additional elements as set forth in Federal Rule of
13   Appellate Procedure 32

14

15   _____

16   Philip J. Layfield

17

18

19

20

21

22

23

24

25

26

27

28