James K.T. Hunter (CA Bar No. 73369)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760

Attorneys for Appellee Richard M. Pachulski,
Chapter 11 Trustee for the Bankruptcy Estate of
Layfield & Barrett, APC

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | Case No. 2:19-CV-09375-SVW |
| PHILIP JAMES LAYFIELD, | |
| Debtor. | |
| PHILIP JAMES LAYFIELD, | **BRIEF OF APPELLEE RICHARD M. PACHULSKI, CHAPTER 11 TRUSTEE FOR THE BANKRUPTCY ESTATE OF LAYFIELD & BARRETT, APC** |
| Appellant, | |
| v. | |
| RICHARD M. PACHULSKI, CHAPTER 11 TRUSTEE FOR THE BANKRUPTCY ESTATE OF LAYFIELD & BARRETT, APC, | |
| Appellee. | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# I.

# INTRODUCTION

The instant appeal is from an interlocutory order of the Bankruptcy Court (the "Order").[1] Pursuant to Bankruptcy Rule 8004(a), the notice of the appeal from the Order was required to be, but was not, accompanied by a motion for leave to appeal prepared in accordance with to Bankruptcy Rule 8004(b).

Under to Bankruptcy Rule 8004(d), this Court has the discretion to treat the notice of appeal as a motion for leave and either grant or deny it.  Here, any such motion should be denied as there is no controlling issue of law presented by the appeal whose determination would avoid a trial, substantially shorten the litigation or make discovery shorter or simpler.

In the event the Court determines to consider the appeal on its merit, the Order should be affirmed in its entirety as none of the challenges made by Appellant to the three claims for relief set forth in the complaint is well taken. Even if this Court were to find that one or more of Appellee's claims for relief were deficiently pleaded, the appropriate remedy would be to remit the matter to the Bankruptcy Court with a direction that Appellee be allowed an opportunity to amend the Complaint to remedy any pleading deficiencies identified by this Court.

# II.

# ARGUMENT

## A.  **This Appeal Should Be Dismissed As There Is No Basis For Granting Leave To Appeal From The Bankruptcy Court's Interlocutory Order**

The ABI's Bankruptcy Appeals Manual, Maizel and Gabel (2d Ed. 2010), aptly summarizes the law governing appeals of interlocutory orders from the bankruptcy court as follows:

> Notably, the Bankruptcy Rules provide no guidance as to when a district court or bankruptcy appellate panels should grant leave to entertain an appeal from an interlocutory

---

[1] Docket 13, Bankruptcy Court Case No. 2:19-ap-01071-NB. Pleadings in the adversary proceeding below shall hereinafter be referenced as "Adv." followed by the pleading docket number.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

order.  Most district courts and BAPs, however, have adopted the same standards applied by the courts of appeals to determine whether to permit such an appeal.  "Generally, leave to take an interlocutory appeal is granted for the same reasons that an interlocutory appeal to the court of appeals may be taken from an order of the district court . . . However, no certification by the bankruptcy court is necessary."  [Footnote omitted.]

Most cases suggest that appeals of interlocutory orders are not favored and leave to appeal such rulings should be "reserved for cases of exceptional circumstances."[97]

The "exceptional" requirement has eroded over the years, but has not disappeared.[98]  Consequently, district courts and bankruptcy appellate panels now look to the standards of 28 U.S.C. § 1292(b), which govern interlocutory appeals from the district court to the court of appeals, to guide their decisions as to whether to entertain an interlocutory appeal.[99]  These standards require the court to consider "(1) whether the issue involves a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation."[100]

To be a "controlling question of law," the moving party must show that "there is a question of law, and it is controlling."[101]  This question should be one of "pure law," *i.e.,* one that "can be decided quickly and cleanly without having to study the record."[102]  "To establish that an order contains a controlling question of law, it must be shown that either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation."[103]  To prove a substantial ground for difference of opinion, the moving party must show "that at least two courts interpret the relevant legal principle differently."[104]  Finally, to satisfy the requirement that a decision would advance the ultimate termination of the litigation, the moving party must show that the decision would serve to (1) avoid a trial, (2) substantially shorten the litigation, or (3) make discovery shorter or simpler.[105]

Despite the use of the word "or," an appellant cannot cherry-pick one of the foregoing factors to win.  Generally, courts have required the party seeking leave to appeal to establish all three elements; failure to establish all three factors mandates that leave to appeal be denied.[106]

---

[97] *Mason v. Massie*, 335 B.R. 362, 368-69 (N.D. Ohio 2005); *In re Sunflower Racing Inc.,* 218 B.R. 972, 977 (D. Kan. 1998), *accord Colonial Bank v. Freeman (In re Pac. Forest*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Prods. Corp.),* 335 B.R. 910, 919 (S.D. Fla. 2005) ("Interlocutory appeal is generally disfavored for its piecemeal effect on cases."). The court in *In re Automotive Professionals Inc.,* 379 B.R. 746, 751 (N.D. Ill. 2007), held that the party seeking certification had the burden of convincing the court that exceptional circumstances existed to justify allowing an appeal of an interlocutory order.

[98]*Lehman Bros. Special Fin. Inc. v. BNY Corporate Trustee Servs. Ltd. (In re Lehman Bros. Holdings Inc.),* 422 B.R. 403, 406 (S.D.N.Y. 2009) (requiring "Exceptional circumstances").

[99]*Figueroa v. Wells Fargo Bank N.A.,* 382 B.R. 814, 824 n. 5 (S.D. Fla. 2007); *In re Treversa,* 371 B.R. 1, 4 (D. Conn. 2007); *Mason,* 335 B.R. at 369; *Colonial Bank,* 335 B.R. at 919 n. 8.

[100]*In re A.P. Liquidating Co.,* 350 B.R. 752, 755 (E.D. Mich. 2006); *Mason,* 335 B.R. at 369; In re C.R. Davidson Co., 232 B.R. 549, 553 (B.A.P. 2d Cir. 1999); *accord Colonial Bank,* 335 B.R. at 919; *Sunflower Racing,* 218 B.R. at 977; *Trustee of Jartran Inc. v. Winston & Strawn,* 208 B.R. 899, 900 (N.D. Ill. 1997).

[101]*Colonial Bank,* 335 B.R. at 919.

[102]*Id.; accord Figueroa v. Wells Fargo Bank N.A.,* 382 B.R. 814, 824 (S.D. Fla. 2007).

[103]*IBI Sec. Serv.,* 174 B.R. at 670; *see also Traversa,* 371 B.R. at 5; *In re Capen Wholesale Inc.*, 184 B.R. 547 (N.D. Ill. 1995) (controlling issue of law need not be outcome-determinative; it need only be "important one, which could have significantly affected the bankruptcy proceedings below").

[104]*Colonial Bank* at 922.

[105]*Colonial Bank* at 924 (*Quoting McFarlin v. Conseco Servs., LLC,* 381 F.3d 1251, 1259 (11th Cir. 2004)); *In re Frascella Enters. Inc.,* 388 B.R. 619, 624 (Bankr. E.D. Pa. 2008.

[106]*Figueroa v. Wells Fargo Bank N.A.,* 382 B.R. 814, 824 (S.D. Fla. 2007).

(Id., pp. 19-21.)

Here, there is no controlling issue of law presented by the appeal whose

determination would avoid a trial, substantially shorten the litigation or make

discovery shorter or simpler. Indeed, even if this Court were to find that one or more

of Appellee's claims for relief were deficiently pleaded, the appropriate remedy would

be to remit the matter to the Bankruptcy Court with a direction that Appellee be

allowed an opportunity to amend the Complaint to remedy any pleading deficiencies identified by this Court. This appeal should accordingly be dismissed.

**B.**   **If This Appeal Is Considered On its Merits, The Order Should Be Affirmed In Its Entirety As None Of The Challenges Made By Appellant To The Three Claims For Relief Set Forth In The Complaint Is Well Taken**

The gravamen of the Complaint to Determine the Nondischargeability of Certain Debts Owed by Philip James Layfield to Plaintiff Richard M. Pachulski, Chapter 11 Trustee of the Bankruptcy Estate of Layfield & Barrett, APC (the "Complaint", ), is set forth in Paragraphs 9 through 14 as follows:

"9.    First, as set forth in the *Decision and Order of Involuntary Inactive Enrollment* (the "Bar Court Order"), entered by the State Bar Court of California *In the Matter of Philip James Layfield* (Case Nos. 17-O-04140 (17-O-04198; 17-O-04754)), on May 18, 2018, Defendant was determined to have intentionally misappropriated funds relating to the representation of four former L&B clients, including Josephine Nguyen ("Nguyen"), thereby depriving L&B of fee income and reimbursement of costs in connection with such clients' retention of L&B.

"10.    Second, the Superior Court of California for the County of Orange, in the matter entitled *Josephine Nguyen v. Philip Layfield* (Case No. 310-2017-00930393-CU-BC-CJC), entered its Minute Order pursuant to a default prove-up hearing (the "Minute Order") and determined, among other findings, that the retention agreement with Nguyen was void, that there was no *quantum meruit* entitlement to fees and that Layfield's fraud…permeated the entire relationship."

"11.    Plaintiff is informed and believes, and based thereon alleges, that but for Defendant's actions, as determined by the Bar Court Order and Minute Order, L&B would have been entitled to receive a forty percent (40%) contingency fee in connection with Nguyen's legal matter.

"12.    Plaintiff is informed and believes, and based thereon alleges, that Nguyen's $3.9 million settlement was paid through two insurance company checks deposited into an L&B IOLTA account as follows:  $500,000, deposited August 26, 2016; and $3,400,000, deposited on August 29, 2016.  Plaintiff is informed and believes, and based thereon alleges, that between August 30, 2016, and December 12, 2016, Defendant transferred first from the L&B IOLTA account to an L&B operating account and then to his

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

personal USAA bank account the aggregate amount of $685,000.  Plaintiff is informed and believes, and based thereon alleges, that also, between October 16, 2016, and February 28, 2017, Defendant wired from the firm's IOLTA account to his personal USAA account, the aggregate amount of $317,500.  Plaintiff is informed and believes, and based thereon alleges, that therefore, the grand total associated with Nguyen's legal matter that was transferred by Defendant to his personal account was $1,002,500.

"13.   Plaintiff is informed and believes that, in addition to the amount of $1,002,500 that was transferred by Defendant to his personal account, Defendant converted at least approximately $8,696,367.44 in settlements due to L&B's clients, thereby damaging L&B by reason of such conversion.

"14.   By this Complaint, Plaintiff seeks a determination that Plaintiff's claims against Defendant are nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6)."

(Adv. 13, p. 2, line 27- p. 4, line 2.)

In Appellant's Brief, Appellant asserts seven separate bases on which Appellant contends that this Court should find that the Bankruptcy Court erred in denying judgment in Appellant's favor pursuant to Rule 12(c) of the Federal Rules of Procedure.  Appellee briefly responds to each of these seven assertions in turn.

First, in Part Ia of Appellant's Brief (at pages 15-17), Appellant argues that Appellee has failed to state a claim under § 523(a)(2)(A) because:

"'Actual fraud' as used in § 523(a)(2)(A) means common law fraud, provable by showing: (1) a representation made by the debtor to the creditor; (2) debtor's knowledge of the falsity when the representation was made; (3) debtor's intent to deceive in making such representation; (4) creditor's justifiable reliance; and (5) creditor's damage as a result." (Id., page 16, lines 15-20.)

In fact, as stated in 4 Collier on Bankruptcy Par. 523.08[1][e] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) at page 523-47:

"In light of the varied conduct that may be characterized as actual fraud, all of the elements of a nondischargeability claim for false representations are not

necessarily applicable to a nondischargeability claim for actual fraud under section 523(a)(2)(A). For example, a nondischargeability claim based on a scheme in which a debtor fraudulently transfers assets of one closely held corporation to other closely held companies … constitutes actual fraud under section 523(a)(2)(A), even though the debtor made no misrepresentation to the creditor.

"The key element of a nondischargeability claim for actual fraud under section 523(a)(2)(A) is the scienter requirement. The underlying conduct must involve 'moral turpitude or intentional wrong.'…"

Appellee's above-quoted allegations that Layfield converted millions of dollars in settlement funds owed to Debtor's clients and to Debtor clearly sets forth conduct involving both moral turpitude and intentional wrong.

Second, in Part Ib of Appellant's Brief (at pages 17-18), Appellant argues that Appellee has failed to state a claim under § 523(a)(4) because "nowhere in the Complaint does Plaintiff allege any facts supporting a finding of larceny." (Id., page 18, lines 8-9.)   To the contrary, that is precisely what is alleged in above-quoted Paragraphs 9 through 14 of the Complaint.

Third, in Part II of Appellant's Brief (at pages 18-20), Appellant argues that Appellee has failed to state a claim under § 523(a)(6) because the allegations of the Complaint do not allege that Appellant's willful and malicious behavior was "directed at L&B' s property". (Id., page 18, lines 25-26.)  Yet neither the statutory language nor the purported case authority cited by Appellant (*In re Littleton*) include any such requirement. In any event, Paragraph 11 of the Complaint alleges that 40% of the funds stolen from the Nguyen settlement in fact were owed to L&B for its contingency fee.

Fourth, in Part IIIa of Appellant's Brief (at 20), Appellant argues that Appellee makes claims for damages that are remote and speculative. This argument does not establish a failure to state a claim but at most suggests that Appellee may be able to contest or argue for a reduction in the amount damages claimed by Appellee.

Fifth and sixth, in Parts IIIb and IIIc of Appellant's Brief (at pages 20-22), Appellant argues that Appellee will not be entitled to avail itself of the doctrines of res judicata or collateral estoppel in proving its case. Again, these arguments do not establish a failure to state a claim but at most suggests that, at trial, Appellee may not be able to avail itself of the doctrines of res judicata or collateral estoppel in proving up its claims against Appellant.

Finally, in Part IV of Appellant's Brief (at pages 22-23), Appellant asserts that (1) the Bankruptcy Court "simply adopted the analysis of the opposing party whether correct or not" and (2) the complaint does not provide "enough information to warrant putting the defendant to the burden of responding to at least a limited discovery demand". (Id., page 22, lines 22-23 and page 23, lines 7-9.) The former argument is entirely self-serving and unsupported and the latter argument ignores that the above-quoted detailed allegations of the Complaint are more than adequate "to warrant putting the defendant to the burden of responding to at least a limited discovery demand".

## III.

## CONCLUSION

This appeal from an interlocutory order should be dismissed as there is no controlling issue of law presented by the appeal whose determination would avoid a trial, substantially shorten the litigation or make discovery shorter or simpler.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    In the event the Court determines to consider the appeal on its merit, the Order

2 should be affirmed in its entirety as none of the challenges made by Appellant to the

3 three claims for relief set forth in the complaint is well taken. Even if this Court were

4 to find that one or more of Appellee's claims for relief were deficiently pleaded, the

5 appropriate remedy would be to remit the matter to the Bankruptcy Court with a

6 direction that Appellee be allowed an opportunity to amend the Complaint to remedy

7 any pleading deficiencies identified by this Court.

8

9 Dated:  March 17, 2020                 Respectfully submitted,

10

11                                       PACHULSKI STANG ZIEHL & JONES LLP

12 By     */s/ James K.T. Hunter*
         _____
13         James K.T. Hunter
           Attorneys for Appellee
14         Richard M. Pachulski, Chapter 11
           Trustee for the Bankruptcy Estate of
15         Layfield & Barrett, APC

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with the font standards, i.e., Times New Roman, 14-point font, and additional elements as set forth in Federal Rule of Appellate Procedure 32.  According to Word's  word  count  tool, this Brief contains 2,450 words.

I declare under penalty of  perjury under  the laws of the United States that the foregoing is true and correct.

Executed on March 17, 2020, at Los Angeles, California.

*/s/ James K.T. Hunter*
James K.T. Hunter

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2020, I caused a copy of the foregoing

**BRIEF OF APPELLEE RICHARD M. PACHULSKI, CHAPTER 11 TRUSTEE**

**FOR THE BANKRUPTCY ESTATE OF LAYFIELD & BARRETT, APC** to be

served on Appellant Philip James Layfield at phil@maximum.global by means of

electronic transmission of the Notice of Electronic Filing through the Court's

transmission facilities, for parties and/or counsel who are registered ECF Users.

On March 17, 2020, I caused to be served the above-described document by

hand delivery to:

The Honorable Stephen V. Wilson
U.S. District Court
First Street Courthouse
Courtroom 10A
350 W. 1st Street, 10th Floor
Los Angeles, CA  90012

I declare under penalty of  perjury under  the laws of the United States that the

foregoing is true and correct.

Executed on March 17, 2020, at Los Angeles, California.

*/s/ James K.T. Hunter*
James K.T. Hunter

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA